IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Astar Air Cargo, Inc., | : | |
| | : | Case No. C-1-06-141 |
| Plaintiff, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING |
| Jeffrey Miller, | : | PLAINTIFF'S MOTION TO |
| | : | REMAND AND FOR |
| Defendant. | : | ATTORNEY'S FEES, |
| | : | REMANDING THIS CASE, AND |
| | : | DENYING AS MOOT |
| | : | DEFENDANT'S MOTION TO |
| | : | REMAND |
| | : | |

This matter comes before the Court on Plaintiff's Motion to Remand and Award Attorney's Fees (doc. #6) and Defendant's Motion to Remand (doc. #7).  Neither party has responded to the other's motion and the time to do so has passed.  It is clear from the motions that the parties agree that this case should not have been removed to this Court and that it should be remanded to the Clinton County Court of Common Pleas.  This Court agrees.

Under 28 U.S.C. § 1441:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b) (emphasis added). Here, all of Plaintiff's claims arise under state law[1], so the action may only be removed if Defendant Miller is not a citizen of Ohio, the state in which the action was originally filed (see doc. #1, ex. A.). Defendant Miller stated in his Notice of Removal, however, that he is a citizen of Ohio. (See doc. #1, ¶ 2.) Thus, this action is not removable under § 1441(b) and must be remanded pursuant to 28 U.S.C. § 1447(c).

Plaintiff has also moved this Court for attorney's fees pursuant to section 1447(c). Section 1447(c) provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 18 U.S.C. § 1447(c) (emphasis added). Plaintiff argues that under Martin v. Franklin Capital Corp., 126 S. Ct. 704 (2005), Plaintiff is entitled to attorney's fees because Defendant Miller had no objectively reasonable basis for removal. In Martin, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 126 S. Ct. at 711.

The opinion in Trostle v. Avery, No. 1:06-CV-44, 2006 WL 374250 (W.D. Mich. Feb. 17, 2006), is instructive here. In Trostle, the plaintiff, a Michigan resident, filed suit in Michigan state court against the defendant, also a Michigan resident. Id. at *1. The plaintiff then removed the case to federal court. Id. The defendant then filed a motion to remand and for attorney's fees and costs under § 1447(c). Id. The Court first stated the federal courts' unanimous agreement that under the clear statutory language of § 1446(a), only defendants may remove an action filed in state court to federal court. Id. The Court thus granted the defendant's motion for remand, and, "[f]inding that Plaintiff lacked an objectively reasonable basis for removal in this case due to his blatant disregard

---

[1] Plaintiff brought claims of conversion and breach of the duty of loyalty. (See doc. #2.)

2

of the removal requirements," also granted defendant's motion for attorney's fees and costs. Id. at *2.

In removing this case, Defendant Miller, like the plaintiff in Trostle, ignored the clear statutory requirements of the removal statutes. Defendant had first hand knowledge that he was a citizen of Ohio, and therefore could not remove the action under the plain language of § 1441(b). Also, Plaintiff's complaint clearly stated only state law claims, leaving no objectively reasonable argument under § 1441(b) for removal due to original jurisdiction. Defendant's removal was not based on a good faith argument, but rather was objectively unreasonable. Moreover, Plaintiff advised Defendant by letter dated only two days after the removal – 28 days before Plaintiff filed a Motion to Remand, and 29 days before Defendant filed his Motion to Remand – that the removal was improper. (See doc. # 6, ex. A.) Yet despite Plaintiffs' notice, Defendant did not take corrective action for more than three weeks, forcing Plaintiff to file a Motion to Remand before his thirty days of time to do so under section 1447(c) ran.[2] The Court concludes that Defendant was dilatory in moving for remand, which is an additional factor persuading this Court that an award of attorney's fees and costs is appropriate.

Consequently, the Court **GRANTS** Plaintiff's Motion to Remand and for Attorney's Fees (doc. # 6) and **REMANDS** this action to the Clinton County Court of Common Pleas. This Court

---

[2]In his Motion to Remand, Defendant stated that he "agreed with Plaintiff's extrajudicial attempts to remand this case, and that Defendant's counsel had advised Plaintiff's local counsel that this Motion would be filed." Defendant did not file that Motion, however, until the day *after* Plaintiff filed its own Motion to Remand and Award Attorney's Fees, and on the last possible day for filing such a motion under section 1447. The Court also notes that, given the electronic filing system, Defendant would have had notice when filing its Motion to Remand that Plaintiff had already filed such a motion. Thus, it appears that Defendant's filing was at least partly a strategic effort to shield Defendant from responsibility for the delay.

maintains jurisdiction over this action to determine the proper fee and costs award in this case. See Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 257 (6th Cir. 1997). The Court therefore **ORDERS** that, within fourteen days of the date of this Order, Plaintiff file an accounting of the fees and costs he incurred as a result of Defendant's removal. Defendant may submit an opposition to Plaintiff's accounting within fourteen days of that filing. The Court also **DENIES AS MOOT** Defendant's Motion to Remand (doc. # 7).

    IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Susan J. Dlott
                                                United States District Judge